FILED smis

SEP - 7 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

In re ) Case No. 11-20672-E-13
TRE HOLDINGS, LLC, )
Debtor(s). )

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM OPINION AND DECISION**
**Order to Show Cause - Craig Cawlfield, Dkt. #50**

The hearing on the Order to Show Cause issued by the court on April 29, 2011 (the hearing having been continued at the request of the parties in interest), concerning the conduct of Craig Cawlfield in the commencement of this Chapter 13 case and repeated false representations to this court that he was admitted to appear in the Eastern District of California. Mr. Cawlfield appeared at the hearing. In addition, Mr. Tremaine Fowlkes appeared at the hearing, in response to an order to show cause concerning his conduct, and Walter J. Sawicki, the attorney of record for the Debtor for the appeal pending before the District Court and the order to show cause filed against Tremaine Fowlkes, has filed notices with this court that he has withdrawn for such

representation.

The Order to Show Cause, Dckt. 50, addressed the conduct of Craig Cawlfield, as counsel of record for the Debtor in this case,

1. Commencing a Chapter 13 bankruptcy case for a limited liability company (a fictitious person) in violation of 11 U.S.C. § 109(e);

2. Failure to include City National Bank and Reliance on the Verification of Master Mailing List filed in this case;

3. Stating under penalty of perjury in two declarations in this case that counsel was licensed to practice in all federal districts in California, when he is not admitted to practice in the Eastern District of California (where he was commencing the Chapter 13 bankruptcy case).

**Commencement of Chapter 13 Case**

On January 10, 2011, TRE Holdings, LLC commenced a Chapter 13 case by filing a voluntary petition in bankruptcy. Dckt. 1. Tremaine Fowlkes signed the petition on January 4, 2011, stating that he was a Member of TRE Holdings, LLC. Craig Cawlfield also signed the petition as the attorney for TRE Holdings, LLC. In signing the petition, Mr. Cawlfield certified that to the best of Mr. Cawlfield's knowledge, information, and belief, formed after an inquiry reasonably under the circumstances the pleading filed:

    a. Is not being presented for any improper purpose.

    b. The legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Fed. R. Bankr. P. 9011(b)(1) and (2). If, after notice and

opportunity to respond, the court determines that the certifications have been violated, the court may impose an appropriate sanction on the attorney. The sanction imposed by the court shall be such to deter repetition of such conduct or comparable conduct by others similarly situated, which may include an order to pay a penalty into court. *Id.*, 9011 (c).

Mr. Cawlfield filed on January 10, 2011, a Verification of Master Address List for the Debtor, which was signed by Mr. Fowlkes. Dckt. 4. For this Chapter 13 bankruptcy case filed by this limited liability company, the only addresses listed were for TRE Holdings, LLC (the Debtor) and the United States Trustee. Mr. Fowlkes states under penalty of perjury that the information is accurate. No Schedules or Statement of Financial Affairs was filed in the bankruptcy case.

**Chapter 13 Bankruptcy Case**

Congress limited the persons who can qualify as a Chapter 13 debtor. Only an "individual with regular income" may be a debtor in a Chapter 13 case. 11 U.S.C. § 109(e). Though fictitious entities such as corporations, partnerships, and limited liability companies fall within the broad definition of "person" as set forth by Congress in 11 U.S.C. § 101(41), they are not an individual as used in that definition. A limited liability company, a separate fictitious entity from any individual, does not meet the statutory requirement that only an individual is legally able to commence a Chapter 13 case.[1]

---

[1] A limited liability company is an entity created under California Corporations Code §§17000 et. seq. which has one or more members, for which no member has personal liability for the debts, liabilities, or obligations of the limited liability

When the improper filing of this Chapter 13 case by a limited liability company was brought to the court's attention, as Order to Show Cause was issued on February 1, 2011, directing Craig Cawlfield to address his conduct in the improper filing. Dckt. 17. Mr. Cawlfield responded timely, filing his declaration on February 16, 2011. "First Cawlfield Declaration," Dckt. 19.

The First Cawlfield declaration testifies under penalty of perjury that Mr. Cawlfield is an attorney licensed to practice law in California and "**in all Federal courts located in California**." Emphasis added. Mr. Cawlfield testifies that he is informed and believes that TRE Holdings, LLC is a closely held limited liability corporation with all or a majority of its shares owned by Tremaine Fowlkes. With respect to the bankruptcy filing, Mr. Cawlfield states that he was contacted by Ron Hacker, whom is identified in the declaration as acting as a business and real estate manager for TRE Holdings, LLC. Mr. Cawlfield testifies that he had previously represented TRE Holdings, LLC in state court litigation.

Mr. Cawlfield further testifies that the bankruptcy petition was prepared by a paralegal in his office and forwarded to Mr. Cawlfield for review. Mr. Cawlfield (who states that he has minimal bankruptcy experience) had some remembrance that a Chapter 13 case was limited to an individual. Notwithstanding his concern, and without conducting any legal research, Mr. Cawlfield chose to

---

company based solely on being a member. A limited liability company is an entity which allows its members to have the liability protection afforded to shareholders of a corporation and receive the pass-through tax advantage of a partnership without the restrictions on limited partnerships and S corporations. BALLANTINE AND STERLING CALIFORNIA CORPORATION LAWS, 4TH EDITION, § 901.01 -.02

rely on representations made by his client that the bankruptcy needed to be immediately filed as a Chapter 13 case and that the client would provide him with the legal authority supporting the filing at a later date. In addition, Mr. Cawlfield directs the court to an email stated to be from his paralegal which discusses an LLC filing a Chapter 13 bankruptcy case. No citations, legal authority, or source of the text in the email from the paralegal is provided.

It was only after acceding to the demands of his client, and relying on the legal opinion of his client and unattributed email, did Mr. Cawlfield conduct any research and conclude that the filing of a Chapter 13 case was improper. Mr. Cawlfield further testifies that after he discovered that the filing of the Chapter 13 case was improper, he discussed with his client converting the case to one under Chapter 11. However, due to "unfamiliarity with the local procedures of the Eastern District of California," he incorrectly thought that the case would not be dismissed until after February 22, 2011, notwithstanding TRE Holdings, LLC's failure to file any schedules or statement of financial affairs. He based this mis-belief based on his experience of cases being dismissed in the United States Bankruptcy Court for the Central District of California.

Craig Cawlfield appeared at the hearing on the Order to Show Cause and explained his "error" and steps taken to correct the misunderstanding of the law in his office. Based upon the explanation at the hearing and Mr. Cawlfield's testimony under penalty of perjury, the court discharged the Order to Show Case. Dckts. 22 and 23.

Shortly after discharging the Order to Show Cause, the court was presented with a motion to annul the automatic stay filed by Pro Value Properties, Inc., the holder of a deed of trust against real property owned by an entity known as BAG Fund, Inc. The court's detailed findings of fact and conclusions of law are stated in the Civil Minutes, Dckt. 48. Craig Cawlfield, as the attorney for TRE Holdings, LLC in this bankruptcy case filed his declaration in opposition to the motion. Mr. Cawlfield chose to provide his personal testimony in opposition to motion to annul the stay. Second Cawlfield Declaration, Dckt. 39. Mr. Cawlfield again testified under penalty of perjury that he is licensed to practice "**in all Federal courts located in California.**" Dckt. 39, emphasis added.

The court granted the motion and annulled the automatic stay. The evidenced showed that the bankruptcy case was filed by TRE Holdings, LLC to try and use the automatic stay in this case to block the foreclosure sale by Pro Value Properties, Inc. of the BAG Fund, Inc. property. BAG Fund, Inc. and TRE Holdings, LLC (which transferred the property to BAG Fund, Inc.) asserted that the automatic stay in the TRE Holdings, LLC bankruptcy case protected an unrecorded junior deed of trust and rendered any foreclosure by Pro Value Properties, Inc. in valid.

In granting the motion and annulling the automatic stay the court made several critical findings as to the opposition presented and evidence submitted. First, the deed to BAG Fund, Inc. clearly stated that the value of the property was less than the liens against the property. Second, TRE Holdings, LLC did not record the purported deed of trust until January 26, 2011. Third, TRE

Holdings, LLC never provided any evidence of a promissory note secured by the alleged deed of trust. Fourth, The foreclosure sale occurred on January 25, 2011, one day before the recording of the alleged deed of trust. Fifth, Mr. Cawlfield's declaration conspicuously omits any reference to the alleged unrecorded deed of trust or the existence of any promissory note. Further, Mr. Cawlfield does not testify what he did, as the bankruptcy attorney for TRE Holdings, LLC, to notify the foreclosure company of the bankruptcy filing and creation of the automatic stay.[2] Mr. Cawlfield does testify that now that the foreclosure sale has occurred concerning the unrecorded deed of trust, he and the Debtor were willing to pursue settlement negotiations over the alleged violation of the automatic stay.

The court ultimately concluded that the bankruptcy filing by TRE Holdings, LLC was part of an improper scheme to delay or hinder the foreclosure sale. The court concluded that the evidence submitted by TRE Holdings, LLC was not credible evidence of the alleged obligation, validity of the deed of trust, or good faith in commencing the Chapter 13 case for TRE Holdings, LLC. It was in connection with the hearing that counsel for Pro Value Properties, Inc. brought to the court's attention that Craig Cawlfield was not admitted to practice before the Eastern District of California, which the court confirmed with the Clerk of the United States Bankruptcy Court for the Eastern District of California.

---

[2] The court takes judicial notice of the fact that attorneys representing debtors filing bankruptcy to stay a foreclosure sale immediately notice the foreclosure company of the case and automatic stay.

**Counsel's Misrepresentations to this Court**

If at the time of the first Order to Show Cause for the improper filing of the Chapter 13 case by a limited liability company the court had been aware of the facts which came to light in the motion to annul, the outcome of that proceeding may well have been different. The court, in ruling on the motion to annul, determined that Mr. Cawlfield was directly involved in the scheme which led to the annulment of the stay. However, the ruling on the First Order to Show Cause having been issued, the court does not re-litigate the conduct of improperly filing the Chapter 13 case, though that conduct is relevant in considering the testimony now before the court in considering Mr. Cawlfield's testimony. The court discharges that portion of the Order to Show Cause which relates to the improper commencing of the Chapter 13 case for a limited liability company. The court also discharges that portion of the Order to Show Cause relating to the failure to include City National Bank and Reliance on the Verification of the Master Mailing list filed in this case.

The court now considers Mr. Cawlfield appearing before the courts of the Eastern District of California, signing pleadings and commencing a bankruptcy case for a client for which an attorney must be admitted to practice before the Eastern District of California, and testifying on two occasions under penalty of perjury that he was admitted to practice before the Eastern District of California. During all periods relevant to this Order to Show Cause Mr. Cawlfield was not admitted to appear before the United States District Court and United States Bankruptcy Court for the Eastern District of California.

Craig Cawlfield filed a declaration in response to the instant Order to Show Cause on July 12, 2011. Dckt. 78, "Third Cawlfield Declaration." In this third declaration Mr. Cawlfield now testifies that he was admitted to practice in the Eastern District of California on May 23, 2011. Exhibit 1 to the Third Cawlfield Declaration is identified as an email from the District court confirming that Mr. Cawlfield was "now admitted to practice" in the Eastern District of California. This email, identified as from Victoria Minor and Kimberly Zignago, is dated May 26, 2011.

In the Third Cawlfield Declaration, Mr. Cawlfield testifies under penalty of perjury that in 2000 he applied and was admitted to practice in the Central District of California. He states that he "mistakenly assumed" that the paperwork he completed for the Central District of California was effective for all districts in California. Mr. Cawlfield testifies that while he did not make the prior statements under penalty of perjury with an intent to mislead the court or abuse the bankruptcy system, there were merely "boilerplate statements which I carelessly inserted without verifying the fact that my admission to federal practice was valid only in the Central District of California." Third Cawlfield Declaration, pg. 2:22-25.

Though not filing a written response, Walter J. Sawicki appeared at the hearing telephonically to support Craig Cawlfield in response to the Order to Show Cause. Mr. Sawicki had appeared as the attorney of record for the Debtor for the appeal of this court's order annulling the automatic stay and the orders to show cause. On July 10, 2011, Mr. Sawicki filed Verified Notices of Termination of Representation TRE Holdings, LLC for the appeal,

Craig Cawlfield with respect to the Order to Show Cause, and Tremaine Fowlkes with respect to the order to show cause. Dckts. 70, 72, and 73. In the verified pleading Mr. Sawicki testifies under penalty of perjury that he was retained by Ron Hacker, who was the agent of TRE Holdings, LLC. Mr. Sawicki testifies in May of 2011, Mr. Hacker terminated the employment relationship by refusing to pay Mr. Sawicki his fees. No explanation is provided as to how Mr. Hacker, a third-party, could terminate the attorney-client relationship which was created between Mr. Sawicki and Mr. Cawlfield, and Mr. Sawicki and Mr. Fowlkes.

In the Third Cawlfield Declaration, Mr. Cawlfield testifies under penalty of perjury that Ron Hacker is the owner of BAD Fund, the purchaser of the property from TRE Holdings, LLC[3]. In his first declaration, Mr. Cawlfield testifies under penalty of perjury that it was actually Ron Hacker, acting as a business and real estate manager for TRE Holdings, LLC, who contacted him on January 6, 2011 for the emergency bankruptcy filing. Dckt. 19, pg. 2:7-9. Though the name did not appear to be significant at the time of the first declaration, it appears that Mr. Hacker was the acting as the principal for both BAG Fund, Inc. Though BAG Fund, Inc. was the owner of the real property which was the subject of the imminent foreclosure, Mr. Cawlfield and Mr. Hacker worked

---

[3] The declaration references the Debtor as TRE Holdings Capital rather than TRE Holdings, LLC. While it is clear to the court that Mr. Cawlfield is making reference to the TRE Holdings, LLC, the Debtor, it raises the question as to how many different "TRE Holdings" entities that Mr. Cawlfield, Mr. Fowlkes, Mr. Hacker, and others have been involved with concerning the obligation which was the subject of the motion to annul the stay.

together to file the Chapter 13 case for TRE Holdings, LLC and assert a trust deed and note (evidence which was never presented to the court) to assert a violation of the automatic stay and attempt to negotiate a settlement thereof.

**DECISION**

The court is presented with the difficult and unpleasant task of judging the conduct of an attorney who has testified under penalty of perjury. There is no dispute that Craig Cawlfield was not admitted to practice in the Eastern District of California. There is no dispute that he affirmatively misrepresented under penalty of perjury that he was admitted to practice in the Eastern District of California. It is also clear that even after having it confirmed to him that he was not admitted to practice in the Eastern District of California, Pro Value Properties, Inc. Reply to Opposition to Motion to Annul filed on April 19, 2011, Dckt. 44, and this second Order to Show Cause issued by the court on April 29, 2011, Craig Cawlfield did not become admitted to appear in the Eastern District of California until May 25, 2011, on the eve of the June 7, 2011 hearing on this second Order to Show Cause.

The court is asked to accept an explanation that an experienced attorney who has been appearing in federal court for ten (10) years made the mistaken assumption that admission before in the Central District of California was an automatic admission in all other districts in California. Further, the court would have to accept as an excuse for making such misstatements under penalty of perjury because there were merely "boilerplate statements which I carelessly inserted without verifying the fact that my admission to federal practice was valid only in the Central District of

California." Third Cawlfield Declaration, pg. 2:22-25. There is no exception to committing perjury over a material misrepresentation because it was "boilerplate language" or the declarant chose not to take the time to verify the statements before making them under penalty of perjury.

The credibility of Mr. Cawlfield is further undercut by his testimony and the arguments of Mr. Sawicki. The court accepts as truthful Mr. Sawicki's statements in his Verified Notices of Termination of Attorney Representation that it was Ron Hacker, the owner of BAG Fund, Inc. who was acting as the principal of TRE Holdings, LLC in this bankruptcy case in arranging for Mr. Sawicki to create attorney-client relationships with Craig Cawlfield, Tremaine Fowlkes, and TRE Holdings, LLC. The court accepts as truthful Mr. Cawlfield's testimony that it was Ron Hacker who communicated with him and arranged for Craig Cawlfield to file the Chapter 13 case for TRE Holdings, Inc.

Craig Cawlfield further testifies that he had an attorney-client relationship with TRE Holdings, LLC in state court proceedings. He testifies that he has personal knowledge that TRE Holdings, LLC is a party in several California Superior Court lawsuits, TRE Holdings, LLC has at least three appeals it has commenced from the state court actions, and that he has made appearances at status conferences for TRE Holdings, LLC. It was the knowledge he had of these facts and the litigation that Mr. Cawlfield considered in commencing the bankruptcy case in which he provided the declarations.

The court does not find credible the contention that the affirmative misstatement of being admitted to appear in the Eastern

District of California were a mere oversight. The court also does not accept the "it was merely boilerplate" and "I didn't bother to conduct any investigation of the facts I was testifying under penalty of perjury" excuses. Counsel clearly knew he had to be admitted to practice in the federal district, having applied to the Central District of California ten years earlier. It is unreasonable to contend that an attorney with ten years of experience could believe in good faith that being admitted to appear in one federal district allowed the attorney to appear in all federal districts. If such was his belief, no explanation was provided as to why he carefully limited the statement in his declarations to merely state that he was admitted to appear in all federal court in California.

Mr. Cawlfield's own testimony is that he has significantly more knowledge, experience, and involvement with TRE Holdings, LLC and Ron Hacker than merely getting an emergency call to file a bankruptcy. He also knew that Ron Hacker was the owner of BAG Fund, Inc., the entity which held title to the property that was the subject of the foreclosure, and that Mr. Hacker was acting as the principal of TRE Holdings, LLC instructing Mr. Cawlfield to file the Chapter 13 bankruptcy case.

The court finds that Craig Cawlfield intentionally, or with such reckless disregard of the facts as to be unreasonable, misrepresented under penalty of perjury in two declarations that he was admitted to appear in the Eastern District of California. The court does not know if this was done merely to try and obtain some short term business from Ron Hacker, if he has a greater interest in Mr. Hacker's investments, if he believed that creating a

violation of the automatic stay would inure to his economic benefit, or he just would state whatever was necessary to make the best testimony possible for his client to prevail in trying to preserve a violation of the automatic stay.

The court cannot condone this conduct or allow this counsel or other counsel to believe that attorneys or other witnesses may make boilerplate or other statements without any minimal investigation under penalty of perjury. The judicial process is built on witnesses testifying truthfully, and continuing to do so in the future.

The appropriate corrective sanction ordered in this case is a monetary payment by Craig Cawlfield of $500.00 to the Clerk of the Bankruptcy Court. Such amount is below the dollar limit for sanctions which must be reported to the California State Bar and is not punitive, but should have the intended prospective effect of inducing this counsel and other witnesses to truthfully make statements in declarations.

The $500.00 shall be paid on or before September 30, 2011. Failure to timely pay the sanction to the Clerk of the Bankruptcy Court shall result in the court certifying this matter to the United States District Court for consideration of punitive sanctions and notice to the Clerk of the United States District Court and Bankruptcy Court of the failure to pay this court ordered sanction.

///
///
///
///

This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law. The court shall issue a separate order consistent with this ruling.

Dated: September 6, 2011

RONALD H. SARGIS, Judge
United States Bankruptcy Court

**CERTIFICATE OF MAILING**

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that the attached document(s) was served by mail to the following entities listed at the address(es) shown below:

Service List:

Craig Cawlfield
11301 Olympic Blvd #519
Los Angeles, CA 90064

Walter Sawicki
2430 Ocean View Ave #305
Los Angeles, CA 90057

Tremaine Fowlkes
TRE Holdings, LLC
5541 McKay St
Fair Oaks, CA 95628

David Cusick
PO Box 1858
Sacramento, CA 95812-1858

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

DATE: 9/8/11

S Peterson
Deputy Clerk